1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

VICTOR TAGLE SR.,

        Plaintiff,

 v.

CLARK COUNTY, et al.,

        Defendants.

Case No. 2:15-cv-00881-JCM-PAL

**ORDER**

(Mots. – Dkt. ## 9, 29, 50)

12     This matter is before the Court on Plaintiff Victor Tagle Sr.'s Motion for Change of
13  Personnel and Establish Immediate Contact / Visitation (Dkt. #9); Motion for Immediate Contact
14  / Visitation (Dkt. #29); and Motion to Include Multiple Defendants and an Increase on the
15  Monetary Compensation due to Defendants' Attorney Request (Dkt. #50).   The Court has
16  considered the Motions, Responses (Dkt. #34, #53), and Replies (Dkt. #42, #55).

17  **I.**  **PROCEDURAL BACKGROUND**

18     Plaintiff is a prisoner proceeding in this action *pro se*.   On February 13, 2015, he filed
19  this lawsuit pursuant to 42 U.S.C. § 1983 for alleged violations of the Fourth, Fifth, and
20  Fourteenth Amendments related to his children's constitutional rights.   *See generally* Compl.
21  (Dkt. #1-1).   According to Plaintiff, his children are wards of the state in the care of DFS.[1]

---

[1]  Pursuant to Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of any fact
"not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction
of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy
cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Judicial notice is properly taken of proceedings
in other courts, both within and without the federal judicial system, if those proceedings have a direct
relation to matters at issue.  *See, e.g.*, *Bennett v. Medtronic, Inc.*, 285 F3d 801, 803 n.2 (9th Cir. 2002);
*Mark v. Kuckenmeister*, 619 F3d 1010, 1014 n.1 (9th Cir. 2010).  Here, the Court finds it appropriate to
take judicial notice of the ongoing abuse and neglect proceedings involving Plaintiff's children that are
pending before the juvenile division of the Eighth Judicial District Court for Clark County, Nevada (the
"juvenile court").  *See* Defs.' Mot. to Dismiss (Dkt. #6), Ex A, Report for Permanency & Placement
Review (submitted on April 15, 2015, in Case No. J10-321527-P1).

Plaintiff alleges that Defendants' negligence, ignorance, arrogance, and abuse of power are exposing his children to child endangerment, physical psychological, and sexual abuse. *Id.* at 3. In Count I, Plaintiff alleges violations of the children's Fourth Amendment rights because they allegedly "were removed from their mother's house, without reason, and/or legal court's order." *Id.* at 4. In Count II, Plaintiff alleges violations of the children's Fifth Amendment rights because the defendants allegedly subjected the children to a series of psychological or physical experiments by exposing them to psychotropic drugs. *Id.* at 5. In Count III, Plaintiff alleges violations of the children's Fourteenth Amendment rights due to alleged exposure to death as well as physical and mental injuries. *Id.* at 6. The Complaint states that Plaintiff has attempted to resolve this dispute by seeking relief from the juvenile court in multiple court hearings, all to no avail. *Id.* at 8.

In the Complaint's request for relief, Plaintiff seeks the immediate re-placement of his children to appropriate facilities with and prevention of the children's further exposure to physical and psychological abuse. *Id.* at 9. Plaintiff also requests: (i) immediate communication between himself and his children; (ii) investigation and punishment of Defendants; (iii) monetary compensation of $1,000 per child for each day the children are "under DFS's jurisdiction." *Id.*

## II.   PLAINTIFF'S MOTIONS

Since Defendants removed the case to this Court, Plaintiff has filed numerous duplicative, premature, and meritless motions. The motions are mostly illegible; however, the Court will group Plaintiff's similar motions and address his requests to the extent possible.

### A.   Motion for Change of Personnel and Establish Immediate Contact / Visitation (Dkt. #9) and Motion for Immediate Contact / Visitation (Dkt. #29)

These duplicative motions ask the Court to supervise the care of his children and replace the DFS personnel currently assigned to his children in the abuse and neglect case before the juvenile court. Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). NRS 128.020 provides

that the state district courts have jurisdiction in all cases and proceedings under NRS Chapter 128, which includes abuse and neglect proceedings such as those involving Plaintiff's children in the juvenile court.[2]  Plaintiff's motions present no legal basis to support the relief he seeks. Defendants' pending motion to dismiss raises serious questions about this court's jurisdiction in family court matters. Unless and until the district judge finds this court has jurisdiction Plaintiff's motions will be denied.

### B.   Motion to Include Multiple Defendants and an Increase on the Monetary Compensation due to Defendants' Attorney Request (Dkt. #50)

Plaintiff's motion provides details regarding his criminal charges and conviction for sexually abusing his step-daughter as well as the juvenile court proceedings involving his children.  *See* Pl.'s Mot. (Dkt. #50) at 3–6, 10–19.  Plaintiff asks the Court for multiple forms of relief such as: (1) adding multiple defendants to this case, including the State of Nevada; (2) ordering Defendants to send a $50 check to the Nevada Department of Corrections' law library to cover Plaintiff's copying charges for 200 pages of documents; and (3) awarding Plaintiff $1 million dollars due to the "personal abuses" he has suffered; (4) the immediate release of Plaintiff from prison and his lifetime supervision.  *Id.* at 7–8.  None of these requests have merit.

First, with regard to Plaintiff's request to add multiple defendants to this case, his request is duplicative of his two pending motions to amend his Complaint.  *See* (Dkt. #43, #46).  The assigned district judge will consider Plaintiff's request to add defendants with those motions.

Second, Plaintiff provides no legal support for his request that Defendants be ordered to pay for his copying charges.  The Supreme Court has held that an inmate's constitutional right of

---

[2]  Additionally, the Supreme Court and the Ninth Circuit have repeatedly held that family relations and child custody are matters typically reserved to the state courts.  *See, e.g.*, *Moore v. Sims*, 442 U.S. 415 (1979) (noting that "family relations are a traditional area of state concern"); *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (finding that "domestic relations and particularly child custody problems" are generally state law matters).  State courts have a special expertise and experience in child custody situations that federal courts lack.  *See H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Thus, federal courts "traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child."  *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987); *see also Latta v. Otter*, 779 F.3d 902, 912–13 (9th Cir. 2015) (because family law issues "are committed to the states, federal courts ought to refrain from intruding into this core area of state sovereignty.") (citation omitted).

1  access to courts does not impose "an affirmative obligation on the states to finance and support

2  prisoner litigation." *Lewis v. Casey*, 518 U.S. 343, 384 (1996).  Likewise, nothing in the Federal

3  Rules of Civil Procedure or Ninth Circuit case authority require defendants or the courts to

4  finance or subsidize fees and costs associated with prosecuting a civil action.  *See*, *e.g.*, *Johnson*

5  *v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989).

6      Third, Plaintiff's request for an award of $1 million dollars is not appropriately brought

7  by motion.

8      Fourth, this Court lacks jurisdiction to grant Plaintiff's request for immediate release

9  from prison and his lifetime supervision.   Federal district courts do not have appellate

10  jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise.  *See*, *e.g.*,

11  *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923).  This jurisdictional principle, explained in the

12  Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's request.  In

13  *Heck*, the Supreme Court held that a plaintiff cannot succeed on a civil rights challenge under 42

14  U.S.C. § 1983 that necessarily implicates the constitutionality of the plaintiff's criminal

15  conviction or sentence.  *Id*. at 484–87.  In other words, a civil rights action cannot be used to

16  indirectly attack a criminal conviction, unless the conviction or sentence is first invalidated.  *Id*.

17  *See also Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (a plaintiff "may challenge the

18  validity of his arrest, prosecution, and conviction *only by writ of habeas corpus*") (emphasis

19  added).  There is no question that *Heck* bars Plaintiff's request; therefore, it is denied.[3]

20      Finally, the court again warns Plaintiff that continuing to file multiple motions requesting

21  the same relief, motions not authorized by the Federal Rules of Civil Procedure or any authority

22  only delays the court's ability to address this case on the merits.   Requests for this court's

23  intervention in pending family court or juvenile court proceedings will not be considered unless

24

25  [3]   The Court notes that Plaintiff's request for relief and the allegations regarding his conviction are
    duplicative of those he put forth in another recent case in this district.  *See Tagle v. State of Nevada*, 3:15-
26  cv-00445-MMD-WGC.   In a Report of Findings and Recommendation (Dkt. #3) to District Judge
    Miranda M. Du in that case, Magistrate Judge William G. Cobb informed Plaintiff that he could not
27  challenge his arrest and subsequent incarceration unless he first succeeds in invalidating his conviction.
    Judge Du recently held that she will adopt Judge Cobb's recommendation and dismiss the case if Plaintiff
28  fails to withdraw his Application to Proceed *In Forma Pauperis* before November 9, 2015.  *See* Order
    (Dkt. #6).

and until the district judge finds this court has jurisdiction.  Plaintiff is again warned that he may be sanctioned for filing frivolous or duplicate motions asking for the same relief.

**IT IS ORDERED:**

1.  Plaintiff Victor Tagle Sr.'s Motion for Change of Personnel and Establish Immediate Contact/Visitation (Dkt. #9); Motion for Immediate Contact/Visitation (Dkt. #29); and Motion to Include Multiple Defendants and an Increase on the Monetary Compensation due to Defendants' Attorney Request (Dkt. #50) are DENIED.

Dated this 30th day of October, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE