UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE SR.,<br><br>                    Plaintiff,<br>v.<br>CLARK COUNTY, et al.,<br><br>                    Defendants. | Case No. 2:15-cv-00881-JCM-PAL<br><br>**ORDER**<br><br>(Mots. – Dkt. ##<br>10, 11, 18, 20, 27, 28, 51) |

This matter is before the Court on Plaintiff Victor Tagle Sr.'s Motion for Form 30 Suggestion of Death (Dkt. #10); Motion for Transportation of Inmate for Court Appearance (Dkt. #11); Motion for Submission of Exhibits (Dkt. #18); Motion for an Order to Disclose any Other Parties Involvement (Dkt. #20); Motion re Status Report in Removal Case (Dkt. #27); Motion for Form 30 Suggestion of Death (Dkt. #28); and Motion to Submit 5 Pages of Exhibits (Dkt. #51). The Court has considered the motions, Defendants' responses and Plaintiff's replies, if any were filed. *See* (Dkt. ## 24, 32, 33, 54). This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

**I.    PROCEDURAL BACKGROUND**

Plaintiff is a prisoner proceeding in this action *pro se*. On February 13, 2015, he filed a Complaint in the Eighth Judicial District Court for Clark County, Nevada, against Defendants Clark County, Department of Family Services ("DFS"), Kim Kallas, and Irene Kozicky. *See* Compl. (Dkt. #1-1). Defendants filed a Petition for Removal (Dkt. #1) asserting federal question

/ / /

/ / /

/ / /

/ / /

1

1  jurisdiction. The Court ordinarily screens a prisoner's complaint prior to service. *See* 2  28 U.S.C. § 1915A(a).[1] However, a screening order is not necessary in this instance because 3  Defendants have responded to Plaintiff's Complaint by filing a Motion to Dismiss (Dkt. #6).[2]

**II.  PLAINTIFF'S MOTIONS**

As a preliminary matter, the Court notes that several of Plaintiff's motions contain duplicate requests for relief. The Court cautions Plaintiff that filing multiple motions requesting the same relief is an abusive litigation tactic that taxes the resources of the court and all of the parties to this lawsuit. Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 439 (9th Cir. 1992) (upholding Rule 11 sanctions because a party's second motion to compel largely duplicated the first) (citing *Townsend v. Holman Consulting Corp.*, 929 F.3d 1358. 1362 (9th Cir. 1990) (en banc)). Once a motion is filed, filing a duplicate motion will not speed up the Court's review of a movant's request since motions are generally addressed in the order which they were filed. To the contrary, filing duplicate motions increases the Court's workload and generally delays decision while a new round of responses and reply deadlines run. Plaintiff is warned that continued motion practice requesting relief that has already been denied or making frivolous, unsupported requests may result in the imposition of sanctions, including dismissal of this case.

Since Defendants removed the case to this Court, Plaintiff has filed numerous duplicative, premature, and meritless motions. The motions are mostly illegible; however, the Court will group Plaintiff's similar motions and address his requests to the extent possible.

---

[1] Both 28 U.S.C. § 1915A(a) and the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e, mandate early judicial screening of prisoner complaints. *Jones v. Bock*, 549 U.S. 199, 213–14 (2007) (district courts must screening a prisoner's complaint "before any responsive pleading is filed"). When defendants file an answer or responsive pleading, such as a motion to dismiss, the need for screening is obviated. *See, e.g., Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (noting that the purpose of screening "is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding") (citation omitted).

[2] On June 23, 2015, Defendant Kim Kallas filed a Joinder (Dkt. #26) to the Motion to Dismiss.

### A. Motion for Form 30 Suggestion of Death (Dkt. #10) and Motion for Form 30 Suggestion of Death (Dkt. #28)

Plaintiff's duplicative motions seek to name a successor in interest for this lawsuit in the event of his death. Rule 25 of the Federal Rules of Civil Procedure provides for the substitution of a party in the event of the death of an interested party. No party in interest has died. Plaintiff's motions are therefor denied.

### B. Motion for Submission of 22 pages of Exhibits (Dkt. #18) and Motion to Submit 5 Pages of Exhibits (Dkt. #51)

Plaintiff's motions ask the Court to permit him to file certain exhibits that he believes will be helpful to this Court in considering the merits of his case. These motions suggest that Plaintiff wants to submit discovery documents to the Court. "Discovery" in the legal sense includes the disclosure of information, facts, or documents that relates to the litigation. *See* DISCOVERY, Black's Law Dictionary (10th ed. 2014) (citing Fed. R. Civ. P. 26–37). Ordinarily, litigants are not required to seek the Court's permission to submit exhibits filed in support of a motion or responsive brief. *See* LR 10-3 (discussing requirements and limitations for exhibits attached to motions). However, the Local Rules of Practice for this district provide that discovery documents "shall not be filed with the Court" unless otherwise ordered, LR 26-8, and copies of "cases, statutes or other legal authority shall not be attached as exhibits or made part of an appendix." LR 10-5. Thus, any discovery documents filed on the Court's docket in violation of LR 26-8 must be stricken.

Here, Plaintiff did not identify any specific motion that the exhibits would support and the substantive merits of his case are not currently before the Court.[3] Thus, Plaintiff's submission of exhibits would not aid the Court at this time. In addition, Plaintiff's description of the "legal documents" indicates that his exhibits likely contain discovery materials and would

---

[3] The pending motions to dismiss and motions to amend will only determine whether Plaintiff's Complaint states a claim upon which relief may be granted as a matter of law or whether leave to amend is warranted.

1 violate LR 26-8's prohibition on filing discovery documents on the Court's docket. The Court
2 therefore denies these motions.

### C.  Motion for Transportation of Inmate for Court Appearance (Dkt. #11)

Plaintiff requests that he be transported for a hearing, or, in the alternative, that Plaintiff be allowed to appear via video or telephone at the hearing. There are currently no hearings scheduled in this matter, and LR 78-2 provides that motions may be considered and decided with or without a hearing. Additionally, Plaintiff is in the custody of the Nevada Department of Prisons (NDOC). As NDOC is not a party to this case the court lacks jurisdiction to order NDOC to transport Plaintiff to court or require NDOC to make arrangements to allow him to participate by video conference. The motion will therefore by denied.

### D.  Motion for an Order to Disclose any Other Parties Involvement (Dkt. #20)

Plaintiff's motion asks the Court to issue an order requiring Defendants to disclose any other parties' involvement in this case. Clark County filed a certificate of interested parties as required by LR 7.1-1identifying Irene Kozicky as a person who may have a direct pecuniary interest in the outcome of the case. If Plaintiff is trying to request discovery, his request is premature. Filing a motion with the Court is not the proper procedure for requesting discovery materials and information from another party. Discovery requests must be served *directly on opposing parties*, who then have 30 days to respond. *See* Fed. R. Civ. P.26- 36. Furthermore, this request is premature because the parties are only permitted to engage in discovery after the Court enters a scheduling order. *See* Fed. R. Civ. P. 16; LR 16-1(b). The Court has not entered a scheduling order in this case and will not do so until the district judge rules on the pending motion to dismiss which raises jurisdictional questions. The motion is denied.

### E.  Motion for Answer to Defendants' Individual Status Report (Dkt. #27)

In this motion, Plaintiff responds to Defendants' claim that counsel is unable to communicate with Plaintiff at will and it was too difficult to coordinate with Plaintiff to file a joint status report. He further states that Defendants are able to contact him by letter, telephone, or in person at the High Desert State Prison. The motion does not appear to contain a request for court action, but responds to Defendant's unilateral filing, and provides his contact information.

4

1  The parties have an obligation under the civil procedure rules to communicate with each other
2  and attempt in good faith to resolve any disputes without the Court's intervention. *See, e.g.*, Fed.
3  R. Civ. P. 37(a); LR 26-7. Defense counsel must make good faith attempts to communicate with
4  Plaintiff in accordance with the requirements of the Federal Rules of Civil Procedure and the
5  Local Rules of Practice.

6  Accordingly,

7  **IT IS ORDERED:**

8  1. Plaintiff Victor Tagle Sr.'s Motion for Form 30 Suggestion of Death (Dkt. #10);
9     Motion for Transportation of Inmate for Court Appearance (Dkt. #11); Motion for
10    Submission of Exhibits (Dkt. #18); Motion for an Order to Disclose any Other Parties
11    Involvement (Dkt. #20); Motion for Form 30 Suggestion of Death (Dkt. #28); and
12    Motion to Submit 5 Pages of Exhibits (Dkt. #51) are DENIED.

13 2. Plaintiff's Motion for Answer to Individual Status Report (Dkt. #27) is GRANTED to
14    the extent Defendants shall comply with the requirements of the Federal Rules of
15    Civil Procedure and Local Rules of Practice in communications with the Plaintiff and
16    filing joint submissions required by the Court.

17 Dated this 30th day of October, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE