UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE, SR., | Case No. 2:15-CV-881 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| CLARK COUNTY, et al., | |
| Defendant(s). | |

Presently before the court is defendants Clark County, Department of Family Services, Irene Kozicky, and Kim Kallas'[1] (collectively "defendants") motion to dismiss. (Doc. # 6). Plaintiff Victor Tagle filed a response, (doc. # 14), and defendants filed a reply. (Doc. # 16).

**I.  Background**

*Pro se* plaintiff Victor Tagle, who is currently incarcerated, brings this 18 U.S.C. § 1983 claim on behalf of his minor children, who are allegedly in the custody of either foster parents or the Department of Family Services. Mr. Tagle alleges that the defendants unlawfully removed his children from their mother's home, subjected the children to psychological experimentation, and otherwise physically and psychologically abused the children. Mr. Tagle does not allege that he has suffered any injury in-fact. His allegations relate only to alleged violations of his children's Fourth, Fifth, and Fourteenth Amendment rights.

Defendants filed a motion to dismiss or, in the alternative, for a more defininite statement. (Doc. # 6). Defendants argue that the complaint is barred by the *Younger* abstention doctrine

---

[1] Ms. Kallas had not been served at the time the motion was filed and did not join the motion at that time. Ms. Kallas later waived service and filed a joinder to the motion and the reply to plaintiff's opposition. (Doc. # 26).

**James C. Mahan**
**U.S. District Judge**

because there is a current case involving the custody of plaintiff's children and plaintiff's visitation rights in Nevada Family Court. (*See* doc. # 6, exh. A). Alternatively, defendants argue that plaintiff does not have standing to redress his children's constitutional claims and fails to state a claim upon which relief may be granted. Defendants also argue that various defendants either do not have the capacity to sue or be sued or are immune from suit under qualified immunity.

## II.     Legal Standard

To hear a case, a federal court must have subject matter jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992). The issue of standing is central to establishing subject matter jurisdiction. *Id.* at 560. Pursuant to Rule 12(b)(1), a defendant may seek dismissal of a claim for lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* 546 F.3d 981, 984–85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir.2001) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)).

Attacks on jurisdiction pursuant to Rule 12(b)(1) can be either facial, confining the inquiry to the allegations in the complaint, or factual, permitting the court to look beyond the complaint. *See Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). In a facial attack "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Myer,* 373 F.3d 1035, 1039 (9th Cir.2004). By contrast, "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* A factual attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence. *Whitehorn v. F.C.C.,* 235 F.Supp.2d 1092, 1095–96 (D.Nev. 2002) (citing *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989)). Dismissal for lack of subject matter jurisdiction is proper if the complaint, considered in its

**James C. Mahan**
**U.S. District Judge**

entirety, fails to allege facts that are sufficient to establish subject matter jurisdiction. *DRAM Antitrust Litigation,* 546 F.3d at 984–85.

The Supreme Court has held that in order to establish Article III standing for a particular law suit, a plaintiff must show that he has suffered an injury-in-fact, that the injury is traceable to the defendant, and that a favorable disposition of the suit would redress his injury. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180–81 (2000).

### III.  Discussion

The court will first address the issue of standing because it is a jurisdictional threshold issue. Defendants argue that plaintiff does not have standing to bring suit because he does not allege that he has been injured, but instead seeks to redress violations of his children's Constitutional rights in his own name. (Doc. # 6). Plaintiff's three § 1983 claims allege violation of: (i) his children's Fourth Amendment rights based on removal from their mother's home; (ii) his children's Fifth Amendment and Fourteenth Amendment liberty and equal protection rights based on alleged psychological experimentation on the children; and (iii) his children's Fourth, Fifth, and Fourteenth Amendment rights based on the alleged exposure of his children to danger of death, injury, and abuses. Plaintiff claims this has caused him emotional distress, but does not allege any tort law or other claim in his individual capacity based on that distress, nor does he allege that any other interest of his own has been violated.

Plaintiff filed this case in state court on the standard *pro se* prisoner complaint form used in Nevada prisons. These forms are typically used for complaints related to alleged rights violations during the prisoner's incarceration that result in direct harm to the prisoner himself. On the form in this case, plaintiff listed himself as the only plaintiff in the caption. Plaintiff later listed his children as the plaintiffs whose rights had been violated by defendants, however. *See* doc. # 1-1 at 1). He also listed his children's residences for jurisdiction purposes instead of his own. Moreover, most of the relief plaintiff requests—new foster care placement; the right to communicate with plaintiff; liability of the defendants; and compensation in the children's name—is relief directed towards the children. The court therefore concludes that Mr. Tagle is attempting to bring suit *on behalf of* his minor children and does not bring the claims individually.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Plaintiff nevertheless lacks standing to sue *on behalf of* his children in this case, however, because he has not retained an attorney. The Ninth Circuit has expressly held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). The Ninth Circuit court followed the lead of other circuits that had considered the question. *See, e.g.*, *Osei–Afriyie v. Medical College*, 937 F.2d 876, 882–83 (3d Cir.1991); *Cheung v. Youth Orchestra Found. of Buffalo*, *Inc.*, 906 F.2d 59, 61–62 (2d Cir.1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir.1986)(per curiam). Quoting the Third Circuit, the *Johns* court reasoned:

> [a] litigant in federal court has a right to act as his or her own counsel. *See* 28 U.S.C. § 1654 (1982) . . . However, we agree with *Meeker v. Kercher,* 782 F.2d 153, 154 (10th Cir.1986) (*per curiam*), that a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear *pro se* is not a true choice for minors who under state law, *see* Fed.R.Civ.P. 1(b), cannot determine their own legal actions. There is thus no individual choice to proceed *pro se* for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others.
>
> It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.

*Johns*, 114 F.3d at 877 (quoting *Osei-Afriyie*, 937 F.2d at 882–83).

Mr. Tagle is proceeding *pro se*. As discussed above, he does not allege any claims in his individual capacity, but instead makes claims on behalf of his children, requesting relief directed at the children. He has not suffered injury in-fact with respect to the claims. In the Ninth Circuit, a plaintiff may not bring claims on behalf of his minor children without representation by a licensed attorney. Because Tagle has no attorney in this matter, he may not bring claims on behalf of his minor children. His children are therefore not proper parties to this action, and Tagle cannot establish any form of derivative standing through their improper inclusion.

Plaintiff has therefore failed to allege an injury in-fact and failed to establish standing. Standing is a threshold jurisdictional issue, and the complaint will be dismissed in its entirety.

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

## IV. Conclusion

The court will dismiss Tagle's complaint without prejudice. *See Johns*, 114 F.3d at 877. Plaintiff may obtain counsel and initiate a new action on behalf of his children.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Clark County, Department of Family Services, Irene Kozicky, and Kim Kallas' motion to dismiss (doc. # 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff Victor Tagle's complaint is dismissed in its entirety without prejudice.

IT IS FURTHER ORDERED that plaintiff Victor Tagle's motion to include Hearing Master Thomas Kurtz as a new defendant (doc. # 43) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff Victor Tagle's motion to include Liza Ruiz-Lee as a new defendant (doc. # 46) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff Victor Tagle's motion to strike defendants' opposition to its motion (doc. # 52) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff Victor Tagle's motion to add new parties (doc. # 60) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff Victor Tagle's motion or request for records (doc. # 70) be, and the same hereby is, DENIED as moot.

The clerk shall enter judgment accordingly and close the case.

DATED March 17, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**