UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE, SR., | Case No. 2:15-CV-881 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| CLARK COUNTY, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Victor Tagle's motion requesting the court's case records. (ECF No. 75).

"[A]s a general rule, a district court is divested of jurisdiction once a notice of appeal has been filed." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 654 (9th Cir. 1991). Here, plaintiff filed his notice of appeal on March 30, 2016—the same day he filed the present motion. (ECF Nos. 74, 75). Regardless of whether the notice of appeal was filed before or after the present motion, this court lacks jurisdiction.

First, if plaintiff's notice of appeal was filed before the instant motion, then this court would lack jurisdiction because the rule described in *Morris* would apply. *See* 942 F.2d at 654.

Alternatively, if plaintiff filed the notice of appeal after the present motion, the motion would fail because it did not cure a previously identified lack of jurisdiction. (ECF Nos. 72, 75). On March 17, 2016, this court granted defendants Clark County, Department of Family Services, Irene Kozicky, and Kim Kallas's motion to dismiss plaintiff's complaint for lack of jurisdiction due to an absence of standing. (ECF No. 72). Specifically, this court ruled that plaintiff's lack of counsel precluded his standing in this case. (*Id.*). It appears that this motion, like the dismissed complaint, was filed *pro se*. (ECF Nos. 1-1, 75). Therefore, this court's holding that plaintiff lacks standing still governs.

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to request the court's case records (ECF No. 75) be, and the same hereby is, DENIED.

DATED December 27, 2016.

_____
UNITED STATES DISTRICT JUDGE